PER CURIAM.
Susan Grogan (“Grogan”) appeals from a summary judgment entered in favor of Heritage NH, LLC (“Heritage”) in an action for sexual harassment and retaliation. We affirm.
Grogan was hired as a business office manager (“B.O.M.”) for Heritage, where shortly thereafter Steven Ostreich (“Ostr-eich”) became her supervisor. Grogan and Ostreich lived near each other, and began carpooling to work. After about a month, Grogan stopped carpooling with Ostreich. Although Ostreich made no sexual advances toward her, Grogan believed that Ostreich wanted more than an employer-employee relationship. Grogan thought that Ostreich was making excuses to be near her and to call her at home. As an example, Grogan could only cite to Ostr-eich’s request that she meet him at a restaurant one weekend to interview a prospective employee.
At some point, Grogan complained to Heritage’s human resources director (“the HR director”) that Ostreich was following her to and from work. The HR director spoke to Ostreich and counseled him against inappropriate conduct. She told Grogan to call her if anything further occurred. Grogan indicated that Ostreich stopped following her for a while, but started again about three months later. However, Grogan did not report this to the HR director.
Meanwhile, Ostreich gave Grogan a good evaluation which resulted in Grogan getting a pay raise. In addition, Grogan presented Ostreich with a souvenir after a vacation. The following month, Grogan agreed to drive Ostreich to and from work for two weeks when Ostreich was unable to drive after having surgery.
Shortly thereafter, Grogan received an e-mail from the regional director raising concerns about her office’s collection efforts. Grogan also received a disciplinary action report for being loud and disrespectful at a staff meeting. Subsequently, Grogan spoke to Ostreich about applying for another position. Ostreich offered to help Grogan update her resume, and Gro-gan accepted. Thereafter, Grogan discovered that Ostreich arranged to interview Grogan’s friend for her position.
Ostreich went to Grogan’s home, and, when told she was not at home, waited in the parking lot for her. Grogan finally spoke with Ostreich in her back patio where Ostreich apologized for setting up the interview with Grogan’s friend. The next day, Ostreich sent Grogan flowers with a note signed Heritage and saying “I’m sorry ... I still want you around as B.O.M. for a long time.” After receiving the flowers, Grogan called the HR director again to complain about Ostreich.
After investigating, the HR director determined that Grogan was upset because of the performance and disciplinary issues and because Ostreich set up the interview to replace her. She believed that Grogan’s sexual harassment complaints were malicious. Soon thereafter, Heritage terminated Grogan’s employment.
*264 Grogan subsequently filed the instant action against Heritage for sexual harassment and retaliation under Florida’s Civil Rights Act, sections 760.01-.il and 509.092, Florida Statutes (2009). The trial court entered summary judgment in favor of Heritage, and Grogan appealed.
Grogan contends that Heritage was not entitled to summary judgment because the record shows that Ostreich sexually harassed her and her employment was terminated because she complained. Heritage asserts that the trial court correctly entered summary judgment in its favor because Grogan failed to establish a prima facie case of sexual harassment and retaliation. We agree with Heritage.
A claim of sexual harassment based on a hostile work environment requires proof of five elements: (1) that the employee belongs to a protected group; (2) that the employee was subjected to unwelcome harassment; (3) that the harassment was based on the employee’s gender; (4) that the harassment was severe enough to affect a term, condition, or privilege of employment and to create a discriminatorily abusive working environment; and (5) that the employer knew or should have known of the harassment and failed to intervene. Russell v. KSL Hotel Corp., 887 So.2d 372, 377-78 (Fla. 3d DCA 2004). Where the alleged misconduct is by a direct supervisor, the employee does not have to prove the fifth element. Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 765, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998).
In determining whether the conduct of complained meets the standard for the fourth element, courts consider four factors: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct was physically threatening or humiliating; and (4) whether the conduct unreasonably interfered with the employee’s job performance. Maldonado v. Publix Supermarkets, 939 So.2d 290, 294 (Fla. 4th DCA 2006). “[T]he employee must subjectively perceive the harassment as sufficiently severe and pervasive to alter the terms and conditions of employment, and the subjective perception must be objectively reasonable,” i.e. “judged from the perspective of a reasonable person in the plaintiffs position, taking into consideration all the circumstances.” 939 So.2d at 294-95 (emphasis added).
Here, Grogan’s complaint does not satisfy the requirements of this element. A reasonable person in Grogan’s position would not have considered Ostreich’s conduct so severe or abusive that it interfered with her employment. Ostreich never made any sexual advances to Grogan, or in any other way obstructed Grogan’s ability to perform her job.
Because none of the conduct complained of could reasonably have led to a hostile work environment, Grogan failed to establish a prima facie claim for sexual harassment and retaliation. Accordingly, the trial court did not err in entering summary judgment in favor of Heritage.
Affirmed.